thirty-first day of January, 1877, he pledged to the defendant, for money lent, the property alleged in the complaint to have been converted by him. This was contradicted by defendant, and it was a material issue whether the property was pledged or not. There is no finding on this issue. There is evidence tending to show that a sale had been made of the property alleged to have been pledged, without the notice required by law. On this issue, which is material, there is no finding. Then the decision being against law, the plaintiff is entitled to a new trial.

In our opinion, the order should be reversed, and the cause remanded for a new trial.

Rehearing denied.

---

[No. 8,548.   Department One.—February 9, 1885.]
JAMES E. DWAIN, APPELLANT, *v.* LUCO DESCALSO ET AL., RESPONDENTS.

MALICIOUS PROSECUTION—PROBABLE CAUSE—NONSUIT.—The plaintiff, on the trial of an action for malicious prosecution, must show want of probable cause, or a nonsuit should be granted.

ID.— PROSECUTION INSTITUTED UPON STATEMENTS OF CHILD.—A prosecution instituted upon the apparently truthful statements of a child eleven years old, who claimed to have seen the plaintiff commit the offense with which he was subsequently charged, is not without probable cause.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

Action for malicious prosecution and false imprisonment against the respondent, and one R. D. Marshall, a police officer. On the trial a nonsuit was granted as to Marshall. A verdict was rendered against the defendant Descalso. A motion for a new trial was subsequently made by him and granted. From this order the plaintiff appeals. The further facts are sufficiently stated in the opinion of the court.

*C. V. Grey*, for Appellant.

*Stanly, Stoney & Hayes*, for Respondents.

Ross, J.—This is an action for malicious prosecution, and it was, of course, necessary for the plaintiff to show on the trial a want of probable cause for the prosecution. The evidence with respect to this question was without conflict, and it showed clearly that neither Descalso nor the officer acted in the premises without probable cause. They proceeded upon the statement of a child eleven years old, who claimed to have seen the plaintiff commit the offense with which he was subsequently charged. The child was closely questioned by the officer, and there appearing no reason to doubt the truth of her statement, he made the arrest. The court should have granted the defendant's motion for a nonsuit, but having failed to do so, and subsequently granted the defendant's motion for a new trial, the order must be affirmed. So ordered.

McKINSTRY, J., and McKEE, J., concurred.

Hearing in Bank denied.

---

[No. 8,549.  Department One.—February 11, 1885.]

THOMAS BAILEY, RESPONDENT, v. BENJAMIN RICH-ARDSON ET AL., APPELLANTS.

LANDLORD AND TENANT—LEASE—COVENANT RUNNING WITH LAND—IMPROVE-MENTS.—A covenant in a lease for the erection, by the lessee, of improvements on the demised premises, and for the purchase thereof by the lessor at the expiration of the term, runs with the land, and is binding on the assignee of the lessor, if such covenant was entered into by the parties to the lease for themselves and their assigns. In such case, the assignee is liable only for breaches of the covenant occurring after he has acquired the estate, and before he has parted with it, or ceased to enjoy its benefits.

ID.—ASSIGNMENT TO LESSOR—MERGER.—Where a lessee, after sub-letting, makes an assignment of the lease to the lessor, who receives and collects from the sub-lessee the rent reserved in the sub-lease, no merger is created. The lessor comes in as assignee of the reversion, and not as owner of the fee.

NEW TRIAL—SURPRISE—PRAYER—CONTINUANCE.—Being misled by the prayer of the complaint, conceding it to constitute a surprise, will not warrant a new trial, if the party moving could have relieved himself of the consequences of the surprise by applying for a continuance, but failed to make such application.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.